F I L E D
CLERK OF COURT
 2024 OCT -7 AM 11: 14
SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

**PEOPLE OF GUAM,**

v.

**DOMINGO CHARGUALAF MENDIOLA**
(*aka* **DOMINGO SYLVESTER CHARGUALAF MENDIOLA**)
(*aka* **DING**),
DOB: 07/15/1987

Defendant.

**Criminal Case No. CF0109-24**
GPD Report Nos. 24-03889 /
24-03672

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY PROSECUTOR AND INVESTIGATOR AND FOR EXCLUSION FROM COURTROOM**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 11, 2024 for hearing on Domingo Chargualaf Mendiola's (*aka* Domingo Sylvester Chargualaf Mendiola's) (*aka* Ding's) ("Defendant's") Motion to Disqualify Prosecutor and Investigator and for Exclusion from Courtroom ("Motion"). Assistant Attorney General Leta Womack represents the People, and Attorney Marsil Johnson represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is indicted on Charge One: Aggravated Murder (as a 1st Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, Charge Two: First Degree Robbery (as a 1st Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, Charge Three: Conspiracy to Commit Robbery (as a 1st Degree Felony), Charge Four: Theft of a Motor Vehicle (as a 2nd Degree Felony), Charge Five: Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony), Charge Six (Two Counts): Possession of a Firearm Without a Firearms Identification Card (as a 3rd Degree Felony), Charge

Decision and Order Denying Defendant's Motion
to Disqualify Prosecutor and Investigator and for Exclusion from Courtroom
CF0109-24, *People of Guam v. Domingo Chargualaf Mendiola*
Page 1 of 5

Seven: Destruction of Evidence (as a Misdemeanor), and Charge Eight: Violation of a Court Order (as a Misdemeanor). See Indictment (Feb. 29, 2024).

The charges stem from a deadly shooting on February 14, 2024. See Magistrate's Complaint (Feb. 20, 2024). Defendant allegedly fatally shot Sumittra Lairopi ("Victim") outside the Thai Thai Restaurant in Tamuning, before taking off with the Victim's car. Id. Guam Police Department ("GPD") officers located the Victim's car near Defendant's house, and found methamphetamine inside the vehicle. Id.

On February 19, 2024 at 5:55am, GPD officers arrested Defendant in connection with these crimes. See Declaration in Support of Defendant's Motion to Suppress, Ex: A (Jun. 17, 2024). Defendant was handcuffed and immediately brought to the GPD Criminal Investigation Office. Id.

Later that morning, at 11:55am, members of the Office of the Attorney General ("OAG"), including Assistant Attorney General ("AAG") Sean Brown, AAG Winston Albright, and Investigator Henry James arrived at the GPD Office. See Court Recording at 3:06:45pm (Jul. 11, 2024). The OAG members were permitted to speak with Defendant in hopes of obtaining information from him. Id. at 3:08:00pm. Investigator James started the interview by advising Defendant of his *Miranda* rights through the use of a Custodial Interrogation Rights Form. Id. at 3:10:40pm. Defendant indicated an understanding of his rights and decided to waive his right to remain silent. Id. at 3:11:30pm. This is evidenced by Defendant's signature on the waiver on the Custodial Interrogation Rights Form. See Exhibit 3. After waiving his right to counsel, Defendant made several incriminating statements to the OAG members. See Court Recording at 3:17:00pm-3:23:50pm (Jul. 11, 2024).

On June 17, 2024, Defendant filed his Motion to Disqualify Prosecutor and Investigator and for Exclusion from Courtroom. Defendant listed AAG Sean Brown, AAG Winston Albright, and Investigator Henry James on his witness list due to the information they gained during the February 19, 2024 interrogation. See Motion at 3 (Jun. 17, 2024); Defendant's Witness List (Jun. 18, 2024). Therefore, Defendant believes the three OAG members should be prohibited from participating in the prosecution of this case, and from observing the testimony of other witnesses. See Motion at 3-5 (Jun. 17, 2024).

Decision and Order Denying Defendant's Motion
to Disqualify Prosecutor and Investigator and for Exclusion from Courtroom
CF0109-24, *People of Guam v. Domingo Chargualaf Mendiola*
Page 2 of 5

On June 19, 2024, the People filed their Response to Defendant's Motion ("Response"). The People agreed to exclude Investigator James from the courtroom, absent Defendant's consent, because he will likely be called as a witness. See Response at 1 (Jun. 19, 2024). The People argued AAG Brown should be permitted to continue working on this case because: (i) Defendant has failed to show a compelling need for his testimony, and (ii) AAG Brown's disqualification would create unfair hardship on the prosecution. Id. at 2-3.

On June 25, 2024, Defendant filed his Reply to People's Response ("Reply"). Defendant claims AAG Brown is a necessary and material witness, and disputes any unfair hardship his disqualification would create. See Reply at 2-3 (Jun. 25, 2024).

The Court held a hearing on July 11, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

#### a. Witness-Advocate Rule:

"The advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation." See U.S. v. Prantil, 764 F.2d 548, 552-553 (9th Cir. 1985). Effectively, "attorneys must elect in which capacity they intend to proceed, either as counsel or as a witness, and promptly withdraw from the conflicting role." Id. at 553.

The advocate-witness rule serves several different policies. First, there is a "risk that a testifying prosecutor will not be a fully objective witness given his position as an advocate for the government." Id. at 553. Even if a prosecutor were to testify objectively, this would still create the "appearance of impropriety" and erode public confidence in the criminal justice system. Id. at 553. This rule also prevents "jury confusion from the dual role" of a prosecutor who also gives testimonial accounts as a witness. Id. at 553.

While necessary, the advocate-witness rule unfortunately provides parties an avenue of abuse by needlessly calling opposing counsel as witnesses in order to end their participation in the case.

Thus, a defendant must show a *compelling need* to call the participating prosecutor as a material witness." Id. at 552 (emphasis added). Generally, defendants have "an obligation to exhaust

Decision and Order Denying Defendant's Motion
to Disqualify Prosecutor and Investigator and for Exclusion from Courtroom
CF0109-24, *People of Guam v. Domingo Chargualaf Mendiola*
Page 3 of 5

other available sources of evidence" before calling a participating prosecutor as a witness. Id. at 551. However, this obligation to resort to alternative means of testimony is "not absolute". Id. at 552. "Both the quality and quantity of the alternate sources of evidence are proper subjects for comparison with that sought directly from the participating prosecutor." Id. at 552. "The ... judge is charged with the responsibility of making determinations as to the materiality of witness testimony. In doing so, the court must honor the defendant's constitutional rights under the confrontation and compulsory process clauses of the Sixth Amendment." Id. at 552.

### b. Exclusion of Witnesses:

"At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." See 6 G.C.A. § 615.

## II. Application:

### a. AAG Winston Albright's disqualification is now moot because he no longer works for the OAG.

The witness-advocate rule does not warrant AAG Albright's disqualification because he no longer works for the OAG and has stopped participating in the prosecution of this case. See Court Recording at 2:45:45pm, 3:07:15pm (Jul. 11, 2024). Because AAG Albright's participation in this matter has ended, he may freely testify without concern for the witness-advocate rule.

### b. Investigator Henry James may testify because he is not serving as counsel in this case. However, he is otherwise excluded from the courtroom during the trial.

Because Investigator James is not serving as counsel in this case, the witness-advocate rule does not warrant his disqualification. Investigator James is not an attorney, and he will not be taking on the role or duties of an attorney in this case. Therefore, there is nothing to disqualify him from.

However, because Investigator James will likely provide witness testimony, he should be excluded from the courtroom and prevented from hearing the testimony of other witnesses absent Defendant's consent. See 6 G.C.A. § 615.

### c. AAG Sean Brown should not be disqualified because Defendant failed to show a compelling need for his testimony.

Decision and Order Denying Defendant's Motion
to Disqualify Prosecutor and Investigator and for Exclusion from Courtroom
CF0109-24, *People of Guam v. Domingo Chargualaf Mendiola*
Page 4 of 5

Because AAG Brown is serving as opposing counsel in this case, Defendant may not call him as a witness absent a "compelling need". See *U.S. v. Prantil*, 764 F.2d 548, 552 (9th Cir. 1985). However, Defendant has failed to show a compelling need for AAG Brown's specific testimony. Defendant argues AAG Brown's testimony will concern information exchanged during the February 19, 2024 interrogation. See Motion at 3 (Jun. 17, 2024). However, AAG Albright and Investigator James were also present during that conversation. Defendant is free to use these "other available sources of evidence" and call them to testify about information exchanged during that interrogation. Id. at 551. Nothing suggests that Defendant has a uniquely compelling need for AAG Brown's testimony when AAG Albright and Investigator James can provide the same first-hand accounts of the same conversation.

Furthermore, disqualifying AAG Brown would impose an unfair hardship on the People's case. Defendant's Motion came ten (10) days after asserting his right to a speedy trial. See Assertion of Statutory Speedy Trial Rights (Jun. 7, 2024); Motion (Jun. 17, 2024). Disqualification at this stage would leave little time for a prosecutor to familiarize themselves with this substantially large and complex felony case.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. AAG Albright's disqualification is now a moot issue. Investigator James may testify, but should otherwise be excluded from the courtroom. AAG Brown may continue to prosecute this matter because there is no compelling need for his testimony.

**IT IS SO ORDERED** this ___October 7, 2024___

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion
to Disqualify Prosecutor and Investigator and for Exclusion from Courtroom
CF0109-24, *People of Guam v. Domingo Chargualaf Mendiola*
Page 5 of 5